Peck, J.
It is assumed, in the charge excepted to, that the county road, denominated in the bill of exceptions as “ the new line,” though marked, located, and opened by the supervisor in 1846, had never been established as a public highway, in pursuance of the statute, and that it had been laid out,- used, and worked as a public highway, for a period of only nine years prior to its obstruction by the defendant. *276 The court, thereupon, charged the jury, that if they should' find that it had been laid out, worked and used for that period, and that the fence of the defendant obstructed the road, to the hindrance and inconvenience of persons using it, the plaintiff was entitled to recover, even though the defendant’s fence was entirely without the lines of the road, as it was established upon the line of survey No. 2226.
It appears, from the bill of exceptions, that, during all this period, the land of the defendant bordering upon the road, was woodland, and uninclosed; and no affirmative act, on the part of the defendant, is shown, indicating an intention to dedicate the road to public uses. The charge of the court, therefore, raises the question whether a mere silent acquiescence of the owner, in the public use of a road across his uninclosed land, for a period of only nine years, constitutes, in law, a permanent dedication of the ground occupied by it, to public use. It is not pretended that there was any statutory dedication, either by the defendant or the public, and, therefore, the dedication, if any, was a common law dedication, which depends for its validity, upon the real or presumed in tention of the owner, and where there is no express grant, operates by way of an estoppel in pais of the owner. There must be an intention to dedicate, and the general rule is, that without some clear manifestation of such intention on the part of the owner, a dedication will not be conclusively presumed, until the lapse of a period sufficient to create a bar to an action to recover possession of real estate; but where the intention to dedicate is not clear and unequivocal, a jury may nevertheless, presume a dedication from circumstances indicating such intention, coupled with an uninterrupted user by the public, for a much less period of time.
If the court in this case had charged the jury, that the uninterrupted use of the road by the public, coupled with circumstances fairly indicating an intention on the part of the defendant, to dedicate it, if any such were in evidence, were facts and circumstances from which, if sufficiently significant, they might presume such dedication, the charge would not have been erroneous; but the court charged the jury, sub *277 stantially, that such user was, as a matter of law, a dedication, and not mere evidence of a dedication to be weighed and considered by them; and in this we think there was manifest error.

Judgment reversed and cause remanded.

Brinkerhoee, C.J., and Scott, Sutliee, and Gholson, JJ., concurred.